KAREN LECRAFT HENDERSON, Circuit Judge,
concurring.
Because I believe our decision in Brockton Hospital v. NLRB, 294 F.3d 100 (D.C.Cir.2002), controls this case, I would proceed no further. In Brockton Hospital, the hospital employer maintained a confidentiality policy providing that “[i]n-formation concerning patients, [nurses], or hospital operations should not be discussed ..., except strictly in connection with hospital business.” Id. at 106 (internal quotation omitted). Although both this court and the Board have upheld confidentiality rules where the context of the rule illustrates mere protection of legitimate business interests, such as business or proprietary information, see, e.g., Aroostook County Reg’l Ophthalmology Ctr. v. NLRB, 81 F.3d 209, 212-13 (D.C.Cir.1996) (permitting restriction on discussion of “office business” because part of rule protecting patient information); Mediaone of Greater Fla., Inc., 340 N.L.R.B. 277, 278-79 (2003) (restriction on “employee information” described as “proprietary information” and “intellectual property”), in Brockton Hospital we agreed with the Board that the hospital’s confidentiality policy was facially overbroad despite its contextual references to “hospital business,” see Brockton Hosp., 294 F.3d at 106-07. Specifically, we held that “the Board reasonably applied the standard set forth in Lafayette Park” to invalidate the hospital rule broadly prohibiting nurses from discussing “information concerning [themselves],” which “could [be] reasonably read to include their wages, hours, and working conditions.” Id. (quotation omitted) (second alteration added).
*471 On its face, Cintas’s confidentiality rule is even broader than the rule at issue in Brockton Hospital. By making confidential “any information concerning the company,” the rule’s breadth could include publicly available information — even the company’s address. Cintas Corp., 344 N.L.R.B. No. 118, 2005 WL 1564863, at 1 (June 30, 2005). Such a literal reading of the rule would produce an unintended— and absurd — result and cannot support the Board’s decision that the rule is overbroad. As with the Brockton Hospital rule, however, the context of Cintas’s confidentiality provision narrows its scope, defining as confidential “any information concerning ... [employees]” in the same sentence that “business plans,” “new business efforts” and “accounting and financial matters” are classified confidential. Id. Under the doctrine of noscitur a sociis, the provision’s restriction on disclosing employee information must be read in light of its associated references to legitimately protected business information. See Stewart v. Nat’l Educ. Ass’n, 471 F.3d 169, 175 (D.C.Cir.2006) (“[Njoscitur a sociis teaches that a word is known by the company it keeps.”). Thus, both rules share broad facial restrictions on information disclosure — although Cintas’s restriction is broader — qualified by some reference to business interests. Accordingly, our Brockton Hospital decision — concluding that the Board acted reasonably in finding that confidentiality rule invalid' — controls here and compels the conclusion that the Board acted reasonably in finding that the Cintas provision “could be reasonably construed by employees to restrict discussion of wages and other terms and conditions of employment.” Cintas Corp., supra, at 1 (applying Martin Luther Mem. Home, Inc., 343 N.L.R.B. 646, 2004 WL 2678632 (2004)).